**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| VIRGINIA Y. HOWELL,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL<br>COLLECTION BUREAU, INC.,<br>a Nevada Corporation,<br><br>Defendant. | CIVIL ACTION<br><br>CASE NO. 17-cv-102<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, FOR VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, AND FOR VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION**

COMES NOW Plaintiff, VIRGINIA Y. HOWELL ("Plaintiff"), by and through her attorneys, the Law Offices of William A. Mueller, L.L.C., complaining of the Defendant, FIRST NATIONAL COLLECTION BUREAU, INC., A NEVADA CORPORATION ("FNCB"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against FNCB for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, et seq., for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act pursuant to 815 ILCS 505/1 et seq., and for violations of the Bankruptcy Discharge Injunction pursuant to 11 U.S.C. §524.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C §227, and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as FNCB transacts business in the Southern District of Illinois and substantially all of these events or omissions giving rise to these claims occurred within the Southern District of Illinois.

## PARTIES

4. Plaintiff VIRGINIA Y. HOWELL is a natural person who at all times relevant resided in Belleville, Illinois, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. At all times relevant to this action, FNCB was engaged to collect a debt on behalf of the original creditor, MBNA, or the current creditor, Denovus Corporation, Ltd. (Denovus) ("Subject Debt").

6. FNCB qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly collects debts and uses the mail and/or the telephone to collect delinquent consumer accounts.

7. FNCB qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because the debt which is the subject of this complaint was in default when it acquired rights in the debt.

8. FNCB qualifies as a "debt collector" as defined by the FDCPA because the principal purpose of its business is to collect debt and it regularly collects or attempts to collect defaulted debts owed to another party.

9. At all times relevant to this complaint, FNCB was collecting on a consumer debt as defined by 15 U.S.C. §1692a.

## FACTS SUPPORTING CAUSE OF ACTION

10. On October, 12, 2005, Plaintiff filed a Chapter 13 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 05-35578, invoking the protections

of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit 1, a true and correct copy of the Notice of Bankruptcy.

11. Plaintiff listed MBNA ("Original Creditor") as a creditor for a debt ("subject debt") on her bankruptcy Schedule F. *See* Exhibit 2, a true and accurate copy of Schedule F filed with Plaintiff's Bankruptcy Petition.

12. Since Plaintiff listed the Original Creditor in her bankruptcy schedules, the Chapter 13 Trustee, as is the practice in the Bankruptcy Court for the Southern District of Illinois, sent the Original Creditor notice of the bankruptcy filing. *See* Exhibit 3, a true and correct copy of the Certificate of Notice executed by the Chapter 13 Trustee establishing service of the notice of bankruptcy filing upon MBNA.

13. Plaintiff's 341(a) meeting of creditors was held on November 10, 2005.

14. No representative of the Original Creditor attended the meeting of creditors.

15. On October 19, 2010, the Plaintiff received an Order of Discharge of all debts included in her bankruptcy petition pursuant to 11 U.S.C. § 1327 including the "subject debt." *See* Exhibit 4, a true and correct copy of the Order of Discharge entered by the United States Bankruptcy Court for the Southern District of Illinois and the BNC Notice of Discharge served upon MBNA.

16. The discharge order effectuated a discharge of the debt to the Original Creditor, providing as follows:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise . . . to collect a discharged debt from the debtor. *Id.* at pg. 2.

17. Pursuant to 11 U.S.C. § 524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debtor by MBNA, Denovus, FNCB, or any other party.

## FNCB'S UNLAWFUL POST-DISCHARGE COMMUNICATION

18. On February 6, 2016, with actual knowledge of Plaintiff's Bankruptcy discharge, FNCB attempted to collect the subject debt from Plaintiff personally by sending a payment demand ("dunning letter") directly to the Plaintiff at her home address in Belleville, Illinois. *See* Exhibit 5, a true and correct copy of the dunning letter sent to the Plaintiff, which reflected that FNCB's client was MBNA/ Denovus Corporation, LTD. *Id*.

19. The dunning letter sent by FNCB sought to collect the subject debt and demanded payment in the amount $87.12 for each of 3 months (in an attempt to "settle" the debt) and listed a Total Due in the amount of $1,306.74. The dunning letter included a detachable payment coupon instructing Plaintiff to return to FNCB with payment in the amount of $87.12. *Id.*

20. The February 6, 2016, dunning letter sent by FNCB to Plaintiff further stated, "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

21. On March 23, 2016, with actual knowledge of Plaintiff's Bankruptcy discharge, FNCB attempted to collect the subject debt from Plaintiff personally by sending a second payment demand ("dunning letter") directly to the Plaintiff at her home address in Belleville, Illinois. *See* Exhibit 6, a true and correct copy of the dunning letter sent to the Plaintiff, which reflected that FNCB's client was MBNA/ Denovus Corporation, LTD. *Id*.

22. The second dunning letter sent by FNCB again sought to collect the subject debt and demanded payment in the amount $87.12 for each of 3 months (in an attempt to "settle" the debt) and listed a Total Due in the amount of $1,306.74. The dunning letter included a detachable

payment coupon instructing Plaintiff to return to FNCB with payment in the amount of $87.12. *Id.*

23. The March 23, 2016, dunning letter sent by FNCB to Plaintiff further stated, "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

24. FNCB'S collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing and subsequent discharge.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 as though fully set forth herein.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed to another for personal, family or household purposes.

27. FNCB is a "debt collector" because it acquired rights to the subject loan after it was in default. 15 U.S.C. § 1692a(6).

28. FNCB violated 15 U.S.C. §§ 1692e(2), 1692e(10), and 1692f through its debt collection efforts of the "subject debt" which is a consumer debt.

29. FNCB violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of the alleged debt as the subject debt was not owed by virtue of the Order of Discharge entered in her bankruptcy case.

30. FNCB violated 15 U.S.C. §1692e(10) by falsely representing that the subject debt was collectible when it sent the bills to Plaintiff.

31. FNCB violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt by sending the dunning letters attempting to collect the subject debt which was discharged in Plaintiff's bankruptcy and not owed.

32. Section 524(a)(2) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover, or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2).

33. FNCB attempted to coerce Plaintiff into paying a debt that was not legally collectible because Plaintiff was protected by the Order of Discharge.

34. As an experienced debt collector, FNCB knew or should have known not to send bills to a debtor that is protected by the Order of Discharge.

35. FNCB knew or should have known that Plaintiff's pre-petition debt was uncollectable because of the Order of Discharge.

36. FNCB appears to have no system in place to identify and cease the collection of debts included in or discharged in bankruptcy.

37. FNCB'S failure to scan their database to prevent the unlawful collection of the subject debt was willful.

38. Plaintiff suffered from FNCB'S unlawful collection activities.

39. Plaintiff suffered from emotional distress due to FNCB'S unlawful attempts to collect the discharged debt, as she was led, by FNCB'S collection activities, to believe her bankruptcy had no effect. The dunning letter was highly confusing to Plaintiff.

40. Plaintiff was unduly inconvenienced and harassed by FNCB'S unlawful attempts to collect the discharged subject debt.

41. Concerned about the violations of her rights and protections that were expected by her bankruptcy discharge, Plaintiff sought the assistance of counsel to ensure that FNCB'S collection efforts ceased.

42. Plaintiff has expended time consulting with her attorneys and has incurred attorney's fees as a result of FNCB'S deceptive collection actions.

WHEREFORE, Plaintiff VIRGINIA Y. HOWELL respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Awarding Plaintiff statutory damages for the underlying FDCPA violations;

c. Ordering the deletion of adverse credit reporting, if any, related to the debt;

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

43. Plaintiff repeats and re-alleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1(c).

45. FNCB is engaged in "commerce" as defined in ICFA, 815 ILCS 505/1(f).

46. FNCB violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect from Plaintiffs a debt protected by the Discharge Injunction afforded by the Bankruptcy Code, 11 U.S.C. §524.

The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

47. FNCB'S collection attempt represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not collectable at the time the dunning letters were sent to Plaintiff.

48. FNCB'S dunning letters were sent with knowledge of the discharge injunction. It was unfair to Plaintiff because the subject debt was not collectible as a matter of law.

49. FNCB'S failure to abide by the discharge injunction constitutes deception and unfairness in regards to its collection attempts upon Plaintiff.

50. FNCB'S confusing and deceptive dunning letters sent to Plaintiff demonstrates that FNCB regularly engages in such practices designed to mislead debtors.

51. The ICFA was designed to protect consumers from the unfair and deceptive acts committed by FNCB.

52. FNCB'S misrepresentations are unlawful, contradicting the intent of the ICFA.

53. FNCB intended for Plaintiff to rely on its misrepresentations by sending the dunning letters to induce payment on an uncollectable debt.

54. It was unfair for FNCB to mislead Plaintiff into believing the subject debt was still owed, when it was not.

55. It was unfair for FNCB to seek to collect the subject debt from Plaintiff through its misleading dunning letters.

56. It was unfair for FNCB to attempt to induce Plaintiff into making payments on an uncollectable debt by sending the dunning letters to Plaintiff.

57. FNCB intended that Plaintiff rely on its misrepresentation and Plaintiff did in fact rely on FNCB'S misrepresentation as she was led to believe her bankruptcy had no legal effect and that she still owed the subject debt to FNCB.

58. FNCB'S demand was unfair and deceptive because it was systematically calculated to mislead Plaintiff into believing the subject debt was still owed, when in fact the subject debt was discharged in Plaintiff's bankruptcy.

59. ICFA further states:

> Any person who suffers actual damage as a result of a violation of ther Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a

60. Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a for the following reasons:

   a. Plaintiff has suffered damages in the form of emotional distress and time spent consulting with her attorneys as a result of FNCB'S unlawful collection practice.

   b. An award of punitive damages is appropriate because FNCB'S conduct was outrageous, willful and wanton, showed reckless disregard for the Plaintiff's rights, and Plaintiff had no choice but to submit to the dunning letter.

WHEREFORE, Plaintiff VIRGINIA Y. HOWELL respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Ordering the deletion of adverse credit reporting, if any, related to the debt;

d. Awarding Plaintiff's costs and reasonable attorney fees pursuant to 815 ILCS 505/10a(c); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III
## VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION

61. Plaintiff repeats and re-alleges paragraphs 1 through 60 as though fully set forth herein.

62. On October 19, 2010, the Plaintiff received an Order of Discharge of all debts included in her bankruptcy petition pursuant to 11 U.S.C. § 727, including the "subject debt." *See* Exhibit 4, a true and correct copy of the Order of Discharge entered by the United States Bankruptcy Court for the Southern District of Illinois and the BNC Notice of Discharge served upon MBNA.

63. The discharge order effectuated a discharge of the debt to the Original Creditor, providing as follows:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise . . . to collect a discharged debt from the debtor. *Id.* at pg. 2.

64. Pursuant to 11 U.S.C. § 524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debtor by MBNA, Denovus, FNCB, or any other party.

65. The debt owed to FNCB is a debt that was discharged under the Bankruptcy Court's Order.

66. The Discharge Injunction is designed to prevent creditors and collectors from continuing to collect, assess or recover against the Plaintiff after the entry of the Order of Discharge.

67. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

68. Because FNCB is charged with knowledge of the Order of Discharge, its actions taken to collect on the subject debt while knowing that the subject debt had been discharged constitute a violation of the discharge injunction.

69. FNCB'S actions were willful under 11 U.S.C. § 524(a)(2).

70. Plaintiff suffered from emotional distress due to FNCB'S unlawful attempts to collect the subject debt, as she was led by FNCB'S collection activities to believe her bankruptcy had no effect. The dunning letter was highly confusing to Plaintiff.

71. Plaintiff was unduly inconvenienced and harassed by FNCB'S unlawful attempts to collect the subject debt.

72. Concerned about the violations of her rights and protections that were expected by her bankruptcy filing, Plaintiff sought the assistance of counsel to ensure that FNCB'S collection efforts ceased.

73. Plaintiff has expended time consulting with her attorneys and has incurred attorney's fees as a result of FNCB'S deceptive collection actions.

WHEREFORE, Plaintiff VIRGINIA Y. HOWELL respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Ordering the deletion of adverse credit reporting, if any, related to the debt;

d. Awarding Plaintiff's costs and reasonable attorney fees and punitive damages pursuant to 11 U.S.C. § 524(a)(2); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 2, 2017

Respectfully Submitted,

/s/ Ronald A. Buch, Esq.
Ronald A. Buch, Esq. ARDC #: 6209955
Attorney for Plaintiff
Law Offices of William A. Mueller, L.L.C.
5312 West Main Street
Belleville, IL 62226
Phone: (618) 236-7000
Fax: (618) 236-7002